**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Civil Action No. 1:24-3309 (ELR)

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

ROOSEVELT TOBIAS BAILEY,
BORG INVESTMENT BANK &
CAPITAL TRUST, and
ALVIN CHRISTOPHER JONES,

    Defendants, and

BORG GLOBAL HOLDINGS, LLC,

    Relief Defendant.

**PLAINTIFF'S PRELIMINARY REPORT AND DISOVERY PLAN**

Pursuant to Local Rule 16.2, Plaintiff United States Securities and Exchange Commission (the "SEC") respectfully submits the following Preliminary Report and Discovery Plan. Defendants Roosevelt Tobias Bailey and Borg Investment Bank and Capital Trust, and Relief Defendant Borg Global Holdings, LLC, have not appeared in this matter and the Clerk of the Court entered defaults against them

1

on October 28, 2024. Accordingly, they did not participate in the preparation of this submission.

The SEC conferred with Defendant Alvin C. Jones, who is proceeding *pro se*, regarding this report by telephone on October 17, 2024, and sent him a draft of this report (which was contemplated to be a joint report) that same day. The SEC and Mr. Jones exchanged additional correspondence concerning the report, including as recently as November 1, 2024, but Mr. Jones has not responded to the SEC's request to confirm its contents and sign the report. The SEC attempted to contact Mr. Jones by both email and telephone on November 4, 2024 to obtain his agreement and signature, but has not yet received a response. Accordingly, the SEC hereby submits this report and discovery plan setting forth its positions as to the matters in the report.

1. **Description of Case:**

    **(a)  Describe briefly the nature of this action.**

    This is a civil-enforcement, securities-fraud lawsuit by Plaintiff U.S. Securities and Exchange Commission ("SEC") against Defendants Roosevelt Tobias Bailey ("Bailey"), Borg Investment Bank & Capital Trust ("Borg Bank"), and Alvin Christopher Jones ("Jones") (collectively, "Defendants") and Relief Defendant Borg Global Holdings, LLC ("Borg Global" or "Relief Defendant").

The Defendants are alleged to have violated provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

The Complaint alleges that Mr. Bailey, through an entity he controlled called Borg Bank, raised approximately $1.6 million by offering and selling fraudulent investment contracts.  Mr. Jones is alleged to have aided and abetted securities law violations by Mr. Bailey and Borg Bank.  Relief Defendant Borg Global is alleged to have received at least $163,000 from investors defrauded by Mr. Bailey and Borg Bank, to which it has no legitimate claim.

**(c)     The legal issues to be tried are as follows:**

The liability of Defendants/Relief Defendant under Claims One through Four of the Complaint (Dkt. No. 1).

**(d)     The cases listed below (include both style and action number) are:**

    **(1)     Pending Related Cases:**

    None.

    **(2)     Previously Adjudicated Related Cases:**

    None.

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

   _____     (1)     Unusually large number of parties
   _____     (2)     Unusually large number of claims or defenses

3

  _____ (3) Factual issues are exceptionally complex
  _____ (4) Greater than normal volume of evidence
  _____ (5) Extended discovery period is needed
  _____ (6) Problems locating or preserving evidence
  _____ (7) Pending parallel investigations or action by government
  _____ (8) Multiple use of experts
  _____ (9) Need for discovery outside United States boundaries
  _____ (10) Existence of highly technical issues and proof
  _____ (11) Unusually complex discovery of electronically stored information

Not applicable.

**3. The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:  James P. McDonald

Defendant Jones: Alvin C. Jones

**4. Jurisdiction**

**Is there any question regarding this Court's jurisdiction?**

 _____Yes  \_\_\_\_<u>X</u>\_\_\_\_No

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5. Parties to This Action:**

 **(a) The following persons are necessary parties who have not been joined:**

  None.

 **(b) The following persons are improperly joined as parties:**

  None.

**(c)** The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

**(d)** The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)** List separately any amendments to the pleadings that the parties anticipate will be necessary:

None.

**(b)** Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.
All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).
  **(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
  **(b)** *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

   **(c)**  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
   **(d)**  *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.**   **Initial Disclosures**

  The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

  No objections.

**9.**   **Request for Scheduling Conference:**

  Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

  No conference requested.

10.   **Discovery Period:**

  The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.
  Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.
  Please state below the subjects on which discovery may be needed:

  The areas where discovery may be needed include, but are not limited to:

(a) whether Mr. Bailey and Borg Bank violated either or both of Section 17(a) of the Securities Act of 1933, Title 15, United States Code, Section 77q(a), which is the Complaint's First Claim for Relief, or Section 10(b) of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78j(b), and Exchange Act Rule 10b-5 thereunder, Title 17, Code of Federal Regulations, Section 240.10b-5, which is the Complaint's Second Claim for Relief.

(b) whether, if a violation of Claim One or Claim Two occurred, Mr. Jones aided and abetted such violations;

(c) the nature, content and extent of Mr. Jones's communications with Bailey, Borg Bank and its agents, as well as with investors of Borg Bank's investment programs, including its Standby Letter of Credit ("SBLC") program and the "Micro-Cap" Program;

(d) Mr. Jones' scienter and state of mind evidence;

(e) whether Mr. Jones received ill-gotten gains and, if so, the amount of those ill-gotten gains; and

(f) defenses raised by Mr. Jones.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Not anticipated.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b)     Is any party seeking discovery of electronically stored information?**

___X___ Yes    _____ No

**If "yes,"**

**(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

No limitations are necessary given the scope of electronically stored information in this matter.

**(c)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to utilize the SEC's Electronic Data Delivery Standards, a copy of which has been provided to Mr. Jones, when producing electronic data in this action. Mr. Jones has agreed to accept PDF production of documents if he is unable to accept load-ready productions.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.     Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties anticipate asking for a protective order given personal identifying information and confidential financial information contained within the universe of discovery documents.

**13.   Settlement Potential:**

(a)   **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 17, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff: Lead counsel (signature):**   /s James P. McDonald
_____

Other participants: Jacqueline Moessner.

**For defendant: Lead counsel (signature):**
_____

Other participants: None.

(b)   **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now**:

( __ ) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
( ___ ) A possibility of settlement, but a conference with the judge is needed.
( ___ ) No possibility of settlement.

(c)   Counsel ( X ) do or ( ___ ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference <u>is not yet set</u>.

(d)   The following specific problems have created a hindrance to settlement of this case.

Acceptance of liability by Mr. Jones and agreement upon remedies.

9

**14.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)   The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this day , of 20 .**

**(b)   The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.**

/s James P. McDonald
_____          _____
Counsel for Plaintiff                                    Alvin C. Jones, Defendant

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that on November 4, 2024, I caused true and correct copies of the foregoing to be served on the following by email and U.S. mail to:

Alvin Christopher Jones
6822 Belle Shadow Ln.
Tampa, FL 33634-4261
counselor@acjones.com

/s/ **James P. McDonald**
James P. McDonald
U.S. Securities & Exchange Comm.