IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Civil Action No. 1:24-3309 (TRJ)

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

    v.

ROOSEVELT TOBIAS BAILEY,
BORG INVESTMENT BANK &
CAPITAL TRUST, and
ALVIN CHRISTOPHER JONES,

    Defendants, and

BORG GLOBAL HOLDINGS, LLC,

    Relief Defendant.

**CONSENT MOTION FOR EXTENSION OF TIME AND FOR REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE**

Plaintiff United States Securities and Exchange Commission (the "SEC") respectfully moves for an extension of certain deadlines a) in the Court's Scheduling Order of November 5, 2024 (Dkt. No. 11), b) set forth in the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia concerning a post-discovery settlement conference (LR 16.3,

NDGa.), and c) LR 16.4, NDGa. concerning the filing of a consolidated pretrial order or summary judgment motions. Plaintiff also requests that the Court refer the Plaintiff and Defendant Alvin Jones to a U.S. Magistrate Judge to conduct the settlement conference contemplated in LR 16.3, NDGa., which Plaintiff respectfully submits will facilitate settlement discussions. Defendant Alvin Jones, who is proceeding *pro se* but is an attorney in the State of Florida, consents to this motion.

The SEC filed the Complaint in this matter on July 25, 2024, against three Defendants: Roosevelt Bailey, Borg Investment Bank & Capital Trust, and Alvin C. Jones, and one Relief Defendant, Borg Global Holdings, LLC. Dkt. No. 1. As described in the SEC's recent Motion for Default Judgment, Dkt. No. 16, only Defendant Jones has answered the Complaint and has participated in this litigation.[1] Pursuant to the Court's Scheduling Order (Dkt. No. 11), discovery is scheduled to conclude on July 4, 2025.

Under LR 16.3, NDGa. counsel for Plaintiff is to arrange an in-person conference among opposing counsel to discuss, in good faith, settlement of the case within 14 days of the close of discovery. Although LR 16.3, NDGa. exempts *pro se* litigants and their opposing counsel for this requirement, Plaintiff believes

---

[1] Non-appearing Defendant Bailey has recently indicated to the Plaintiff that he intends to appear for a deposition pursuant to a subpoena.

that a settlement conference between the SEC and Mr. Jones (an attorney) may be beneficial here if conducted with a third-party neural, such as a Magistrate Judge. Given the SEC has filed only one claim against Mr. Jones and the amount in controversy between the SEC and Mr. Jones is far less substantial than against the non-appearing Defendants, the SEC respectfully submits that the parties would benefit from a candid discussion of settlement possibilities with the input of and assistance of a neutral party such as a Magistrate Judge.

The parties thus request a 30-day extension of 14-day deadline under LR 16.3, NDGa to hold an in-person settlement conference *and* that the Court refer the parties to a U.S. Magistrate Judge for that conference.  As currently contemplated, such a conference would need to be held before July 18, 20205.  The extension of time for holding the conference is necessary due to lead counsel for the Plaintiff's previously-scheduled vacation for July 5 through July 18, and to allow the SEC sufficient time to prepare for a settlement conference (if granted) after the close of discovery.  The SEC anticipates this would include preparing any pre-conference submission that that the Court or Magistrate Judge may request.  Accordingly, the SEC requests the deadline for a settlement conference be extended until August 18, 2025.

Further, the Scheduling Order directed that "[a]ny motions for summary judgment or the proposed consolidated pretrial order must be filed on or before

August 4, 2025." The SEC requests that deadline be extended until September 18, 2025, which is one month after the proposed extended deadline for holding the scheduling conference.

This is the SEC's first request for an extension of deadlines in this matter, and, as noted, Defendant Jones has indicated his consent to the motion. A proposed order is attached for the Court's convenience.

Dated: June 13, 2025                    Respectfully submitted,


                                        By:  */s/ Jacqueline Moessner*
                                             James P. McDonald (NY Bar No. 4823910)
                                             Jacqueline Moessner (NY Bar No. 4456521)
                                             U.S. Securities and Exchange Commission
                                             1961 Stout Street, Suite 1700
                                             Denver, CO 80294-1961
                                             Telephone: (303) 844-1000
                                             Email:   mcdonaldja@sec.gov
                                                      moessnerj@sec.gov

                                             *Attorneys for Plaintiff*
                                             *U.S. Securities and Exchange Commission*

# CERTIFICATE OF SERVICE

I certify that on June 13, 2025, I caused true and correct copies of the foregoing and all attached materials to be filed on the CM/ECF system and to be served on the following by overnight delivery service:

By U.S. Mail to

Alvin Christopher Jones
6822 Belle Shadow Ln.
Tampa, FL 33634-4261

                                                **/s/ Jacqueline M. Moessner**
                                                Jacqueline M. Moessner
                                                U.S. Securities and Exchange Commission